IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MM UNITED ENTERPRISE, INC., d/b/a MM DIAMONDS & JEWLERY,** § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. 3:12-CV-03744-L |
| **AGCS MARINE INSURANCE COMPANY**, § § § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) MM United Enterprise, Inc.'s ("Plaintiff") Motion for Summary Judgment ("Motion") (Doc. 37), filed October 18, 2013; and (2) AGCS Marine Insurance Company's ("Defendant") Opposed Motion for Leave to File Separate Response to Plaintiff's Objections (Doc. 43), filed December 13, 2013. After careful consideration of the motions, responses, replies, record, and applicable law, the court **denies** Plaintiff's Motion for Summary Judgment; **overrules** Plaintiff's objections to Defendant's summary judgment evidence; and **denies as moot** Defendant's Motion for Leave to File Separate Response.

**I.   Background**

Plaintiff originally filed its complaint against Defendant in state court on May 10, 2012. Defendant removed the case on September 14, 2013. Plaintiff, a Texas corporation owned by Michael Meyler ("Meyler"), set forth the following claims: (1) breach of insurance contract; (2) breach of duty of good faith and fair dealing; (3) unfair methods of competition, unfair or deceptive acts or practices, and unfair claim settlement practices; and (4) late payment of claim under insurance

code § 542. Plaintiff wholesales diamonds and alleges that $563,951.75 worth of diamonds was stolen from its safe during an aggravated robbery involving Meyler and David Rassimian ("Rassimian"), a customer. Plaintiff alleges that Meyler was drugged when Rassimian slipped temazepam in his coffee. Plaintiff filed an insurance claim and sworn proof of loss with Defendant seeking $563,951.75 for the stolen diamonds. Plaintiff contends that it purchased an "'all-risk' Jewelers Block insurance policy" from Defendant. Defendant denied Plaintiff's claim and contends that the robbery was fraudulent or staged, which would give rise to one of the exclusions under the policy that it sold to Plaintiff. Plaintiff seeks summary judgment on Defendant's affirmative defense of fraud.

## II.     Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).  On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458.  Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.  Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary

judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.    Discussion

After reviewing the record, the court determines that a genuine dispute of material fact exists as to whether fraud was committed. In addition to several additional evidentiary matters, the court specifically focuses on: (1) the uncertainty surrounding the actual identity of the man who stole the diamonds; (2) the trust Meyler provided the alleged thief, Plaintiff's third customer, by meeting him at the store alone with an open safe; and (3) Meyler's lack of experience in the jewelry business. Plaintiff's objections are **overruled**, as the court did not consider any of the objectionable evidence in its analysis. Although some of the objections have merit, there is nevertheless sufficient competent summary judgment evidence to raise a genuine dispute of material fact. That the court denies summary judgment in no way should be interpreted that evidence based on hearsay or speculation will be admitted at trial. Hearsay will be admitted only if it falls within one of the recognized exceptions to the hearsay rule and does not violate Federal Rule of Evidence 403. Defendant's Motion for Leave to File Separate Response to Plaintiff's Objections (Doc. 43) is therefore **denied as moot**.

### IV.    Conclusion

For the reasons stated herein, the court **determines** that a genuine dispute of material fact exists as to Defendant's affirmative defense of fraud. Accordingly, the court **denies** Plaintiff's Motion for Summary Judgment.

**It is so ordered** this 7th day of January, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 5**